Fuchsberg, J. (dissenting).
The time limitations specified in section 297 (subd 2; subd 4, pars a, c) of the Executive Law for *863 the performance of certain acts on the part of the State Division of Human Rights are for the benefit of complainants "and cannot be held to shelter those charged with violation of the statute” (Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371, 381). Absent a showing of "substantial prejudice”, and in conformity with the realities of litigation, they are directory only and, therefore, failure to adhere to them should not invalidate a proceeding or otherwise terminate jurisdiction (ibid.; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 172).
Specifically, in this case the petitioner was not deprived of a fair hearing or otherwise substantially prejudiced. Nor, for that matter, is there even the slightest hint that the complainant by any conduct on her part had contributed to the delay.
Accordingly, the order of the Appellate Division should be reversed and the matter remitted to the Appellate Division to consider whether there is sufficient evidence to support the determination of the Human Rights Appeal Board.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, and Wachtler concur in memorandum; Judge Fuchsberg dissents and votes to reverse in a separate opinion in which Judge Cooke concurs.
Order affirmed.